IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ODIN'S EYE ENTERTAINMENT,** | |
| Plaintiff; | |
| v. | Civil Action No. 1:12-CV-01389-RGA |
| **JOHN DOES 1-66,** | |
| Defendants. | |

MEMORANDUM OPINION

Stamatios Stamoulis, Esq., Stamoulis & Weinblatt LLC, Wilmington, DE; and Richard Charles Weinblatt, Esq., Stamoulis & Weinblatt LLC, Wilmington, DE, attorneys for the Plaintiff.

Jayce Ryan Lesniewski, Esq., The Eaby Firm LLC, Dover, DE, attorney for the Defendant John Doe 12.

October 31, 2013

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently before the Court is the Defendant John Doe 12's Omnibus Motion to Sever the Defendants and/or Quash the Subpoena and/or Issue a Protective Order (D.I. 17) and the parties' associated briefing (D.I. 24, 27).[1] This is a copyright infringement suit brought by the Plaintiff Odin's Eye Entertainment. For the reasons set forth herein, the Defendant's Motion to Sever and Quash is **GRANTED**.

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure ("FRCP") Rule 20 governs permissive joinder. FED.R.CIV.P. 20. Rule 20(a)(2) permits joinder where the defendants have "any right to relief... asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *Id.* "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

The determination of whether there is the "same transaction, occurrence, or series of transactions or occurrences" is accomplished via a "case by case approach. . . ." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (internal citations omitted). "The Court of Appeals for the Third Circuit . . . has not specifically interpreted Rule 20(a), but has illuminated the phrase 'same transaction or occurrence' with regard to Rule 13 compulsory counterclaims. . .

---

[1] Various defendants have filed similar or related motions. (D.I. 10, 12, 13, 16, 19, 21).

1

. [T]he court found that to constitute the 'same transaction or occurrence' there must be a logical relationship." *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, *3 (E.D. Pa. July 30, 2012).

Even if Rule 20(a)(2) is satisfied, FRCP Rules 20(b),[2] 21,[3] and 42(b)[4] provide the court with discretion to sever the case. *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 503 (N.D. Cal. 2011). Furthermore, "[s]ince joinder is permissive in character, there is no requirement that the parties must be joined," especially when joinder would serve to "confuse and complicate the issues . . . rather than make the resolution of the case more efficient." *Id.* (internal quotation marks and citations omitted).

## B. Decision

*1. Rule 20 - "Same transaction or occurrence"*

The Defendants' participation in a BitTorrent Protocol swarm[5] is not sufficient, on its own, to satisfy Rule 20(a)'s "same transaction, occurrence, or series of transactions or occurrences." The Plaintiff contends that "should this matter go to trial, Plaintiff will prove that

---

[2] "The court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." FED.R.CIV.P. 20(b)

[3] "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED.R.CIV.P. 21

[4] "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." FED. R.CIV.P. 42

[5] "BitTorrent is one of the most common peer-to-peer file sharing programs. . . . BitTorrent utilizes the internet to transfer files between interconnected computers. BitTorrent enables users to download or upload large files without a heavy load on one source computer or network. Initiating the process requires a seeder to create a torrent and upload it onto one or more torrent sites. This enables other peers to download and upload the file using BitTorrent software that is installed on their computers. Once a peer receives a piece of the computer file, it starts transmitting that piece to other peers. The transmissions create a relationship between the seeders and peers called a 'swarm.' Once a peer has downloaded the full file, it is reassembled and the peer is able to see, hear or otherwise utilize the file." *Malibu Media*, 2012 WL 3089383 at *1 (E.D. Pa. July 30, 2012).

2

the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia*, that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but for</u> each of the Defendants' infringement." (D.I. 24 at 7-8) (emphasis in original). However, as the Defendant properly notes, there is no allegation present within either the Complaint or the Plaintiff's Brief that alleges that the Defendants acted in concert. (D.I. 17 at 3-4). Furthermore, the Complaint states only that the Plaintiff observed the various Defendants, by Internet Protocol address, infringing, not that the Plaintiff observed the Defendants interact with each other in any way. (D.I. 1 at 3-4). While the Plaintiff states that on "information and belief, each Defendant participated in a swarm . . . with each other," (D.I. 1 at 5) the Plaintiff's Exhibit A, shows that at no time did the Plaintiff record any concurrent download or upload between the Defendants. (D.I. 1, Ex A, at 1). Additionally, the Plaintiff does not claim that the same infringing BitTorrent packet was utilized between the Defendants. Thus, the Plaintiff has made no factual allegation or other showing that there was a common transaction or occurrence between defendants.

Furthermore, the Plaintiff has failed to show that there is a series of transactions or occurrences linking the Defendants. Here, as the Plaintiff has made no showing of a link between any of the Defendants, other than that they downloaded the same video, there cannot be the same series of transactions or occurrences. For there to be a series of transactions or occurrences, there should be at least an allegation of a web of direct connections that link John Doe 1 with any and all of the other John Does. No such claim, however, is proffered. In fact, the Plaintiff has not linked a single John Doe to any other John Doe. Therefore, the Court finds that the Plaintiff has not satisfied the requirement of establishing that the Defendants participated

3

in the "same transaction, occurrence, or series of transactions or occurrences" as required by FRCP Rule 20.[6]

The Defendants should have been sued in sixty-six separate cases, with the Plaintiff paying sixty-six filing fees. The Court cannot dismiss the additional defendants, as per FRCP 21. The Court can, however, sever the sixty-five misjoined defendants, and require the Plaintiff to pay the filing fees it has avoided.

*2. Rule 21 - Misjoinder*

Furthermore, as joinder is permissive, even if Defendants were properly joined, the Court finds that joinder is inappropriate here as it does not promote judicial efficiency and unfairly weighs against the Defendants. "Federal Rule of Civil Procedure 21 provides that '[a]ny claim against a party may be severed and proceeded with separately.' Whether to grant or deny severance is left to the discretion of the trial judge." *Philips Electronics N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (internal citations omitted). Each of the sixty-six defendants could put forth vastly different defenses. Evidence of these varying defenses is already present between two John Does. John Doe 4 states that he was in an appointment and not using the internet when the video download occurred (D.I. 10 at 2) while John Doe 54 states that he is sixty-four years old with very limited computer knowledge and could not have downloaded the file. (D.I. 16 at 1). Finally, as stated in a similar case,

> [j]oining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform [the case] into a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions—a thoroughly unmanageable and expensive ordeal. Similarly, *pro se* Defendants, who most likely would not e-file, would be required to serve every

---

[6] As *Malibu Media* notes, courts are split on this issue. 2012 WL 3089383, *3.

4

>other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost.

*Pac. Century Int'l Ltd. v. Does*, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). Therefore, as joinder in this case greatly decreases judicial economy and significantly burdens the Defendants, the Court concludes that joinder, even if it were permitted under Rule 20, is not appropriate in this case.

**CONCLUSION**

For the reasons above, the Court finds that the Defendants were improperly joined, and therefore grants the Defendant's Motion to Sever and Quash. The Court will also sever John Doe 2 through John Doe 11 and John Doe 13 through John Doe 66's cases. Any remaining claims against John Doe 2 through John Doe 11 and John Doe 13 through John Doe 66's shall proceed under a separate action for each John Doe Defendant, each with its own unique civil action number, upon Plaintiffs' payment of a filing fee as to each John Doe Defendant. Any subpoenas served to date in connection with any defendant other than John Doe 1are quashed. An appropriate order will be entered.

5